IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADE FAGORALA,<br><br>        Plaintiff,<br><br>   v.<br><br>WAYPOINT HOMES INC., et al.,<br><br>        Defendants.<br>                                              / | No. C 13-00038 SI<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS** |

Currently before this Court is defendants' motion to dismiss *pro se* plaintiff's complaint and motion to quash service. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for March 29, 2013. For the reasons set forth below, the Court GRANTS the motion to dismiss without leave to amend.

**BACKGROUND**

This case stems from an allegedly wrongful unlawful detainer action. In *Waypoint Homes, Inc. v. Fagorala*, No. PS12-1577 (Contra Costa Cnty. Super. Ct.), Waypoint alleged that Fagorala, who was renting property owned by Waypoint, failed to pay her rent for several months. Fujimoto Decl. Ex. A ("Waypoint Compl.") ¶¶ 1-10. Waypoint sought money damages and restitution of the property. *Id.* ¶ 15. On December 12, 2012, the Superior Court entered judgment of unlawful detainer in favor of Waypoint. Fujimoto Decl. Ex. B ("Waypoint Judgment").

Plaintiff alleges that the unlawful detainer was improperly granted against her. Compl. 1-4. Plaintiff alleges that her demurrer motion based on Waypoint's lack of standing was "illegally overruled

1  by: a court commissioner: Lowell Richards," and Lowell Richards also illegally denied her motion for
2  reconsideration, and he entered the default judgment in bad faith. *Id.* at 3. Plaintiff demands that "these
3  allegations; must be instantly investigated by the sheriff and the sheriff's offices, and the federal law
4  enforcers; and that the executions of the writ of possessions must be stayed ; pending the interlocutory
5  appeals, now pending in the state case." *Id.* (mistakes in original).

6  Defendants argue that the complaint should be dismissed for several reasons: (1) the Court lacks
7  subject matter jurisdiction, (2) service was improper and plaintiff failed to file a summons, and (3) the
8  complaint fails to state a claim upon which relief can be granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se*, a court has an

2

obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. Fed. R. of Evid. § 201(b)(2); *MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

If a court dismisses the complaint, it must then decide whether to grant leave to amend. Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**1.     Subject Matter Jurisdiction**

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

Defendants argue that this Court lacks subject matter jurisdiction because there is neither diversity nor federal question jurisdiction. Plaintiff failed to address defendants' jurisdictional argument in his opposition. It is difficult to discern the precise cause of action plaintiff is asserting from the complaint. However, the complaint argues that the actions of the Superior Court "violated his rights to claim the protections afforded by the violated Constitution of the United States of America" and thus constituted "constitutional and due process violations." Compl. 5, 7. Therefore, plaintiff is apparently asserting a due process claim under the Fourteenth Amendment of the Constitution.

3

Accordingly, the Court finds that there is a federal question on the face of the complaint, and therefore the Court has subject matter jurisdiction.

**2.     Failure to State a Claim**

Plaintiff alleges a Due Process Clause violation against defendants Waypoint Homes, Inc.; Giles Imrie, who is an attorney for Waypoint; Waypoint Homes (Blue Kahana); Blue Oasis, LLC; and Weil Brien Partners.[1]  All of these defendants are either individuals or business entities.

The Fourteenth Amendment of the Constitution states that "No State shall . . . deprive any person of life, liberty, or property, without due process of law."  Accordingly, "the Due Process Clause protects individuals only from governmental and not from private action."  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 930 (1982).  Plaintiff has not sued the government or a government official. Therefore, his Due Process allegations must fail against these individual and business entities.

Plaintiff could not cure his complaint by adding Commissioner Lowell Richards, the judge who is alleged to have "illegally" denied her demurrer and entered judgment against her.  The Supreme Court has held that judges are immune from liability for damages for acts committed within their judicial discretion, even when a judge is accused of acting maliciously and corruptly.  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

Accordingly, the Court finds that plaintiff has failed to state a claim upon which relief can be granted. The Court also finds it absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Because the Court finds that the complaint should be dismissed, it need not address defendants' arguments regarding improper service.

///

---

[1] According to defendants, the correct spelling is Wiel Brien Partners.

4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion, and DISMISSES plaintiff's complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: March 27, 2013

SUSAN ILLSTON
United States District Judge